# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

DWIGHT INGRAM,

    Plaintiff,

vs.                                                             CASE NO. CV-07-J-105-NW

STANDARD BENEFITS GROUP,

    Defendant.

## MEMORANDUM OPINION

The plaintiff filed a declaratory judgment action in state court, asserting that defendant wrongfully reduced his long term disability benefits due to an overpayment resulting from social security dependent benefits being awarded to his daughter, of whom he does not have custody. The case was removed to this court by the defendant, on the basis of the Employee Retirement Income Security Act of 1974 ("ERISA") (doc. 1).[1]

The defendant filed a motion and memorandum for summary judgment (doc. 11) to which the plaintiff has failed to respond.[2] Included in the defendant's

---

[1] The plaintiff has never amended his complaint to assert a cause of action pursuant to ERISA, and further has never alleged that there was not complete preemption based on ERISA. However, the court shall interpret the complaint as attempting to state a claim against defendant for a breach of its duties under ERISA as the Plan Administrator.

[2] Pursuant to Exhibit A to the court's Scheduling Order entered on April 16, 2007, the plaintiff had until July 31, 2007, to file a response to the defendant's motion. No such response has been received to date.

submission to the court are portions of the administrative record. Upon consideration of the pleadings, memorandum and evidentiary submissions received, the court concludes that the motion for summary judgment is due to be granted as no genuine issues of material fact remain in this case.

## FACTUAL BACKGROUND

The facts of this case are not in dispute. The sole issue before the court is whether the defendant properly reduced the plaintiff's benefits by the amount the plaintiff's daughter has received in Social Security benefits as a dependent child. The plaintiff received Social Security disability benefits pursuant to the Social Security program, as well as long term disability (LTD) benefits under a group policy from the plaintiff's employment with Wise Alloys. The defendant asserts that the dependent benefits paid to the plaintiff's daughter by Social Security resulted in a LTD benefits overpayment of $20,347.26. The defendant has therefore reduced the plaintiff's LTD benefits accordingly to make up for the overpayment.[3]

The plaintiff was approved for LTD benefits on October 15, 2003. Exhibit C, at 00363, 00365. Thereafter, the plaintiff was approved for Social Security disability benefits. Exhibit C at 00613. Because he was awarded Social Security benefits, the

---

[3] A prior reduction in the amount of long-term benefits received by the plaintiff for an overpayment in LTD benefits based on Social Security benefits received in his own behalf is not in dispute.

plaintiff's daughter received Social Security Dependant benefits. *See* exhibit C at 660. The plaintiff asserts that because his daughter does not live with him, he did not receive any of the benefits sent to her. Exhibit C, at 00661. He believes because he has no access to the benefits paid to his daughter, he should not have the overpayment. *See e.g.*, exhibit C at 00661-00662. Plaintiff asserts the reduction clause in the LTD policy is ambiguous. All administrative remedies have been properly exhausted.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at

324, Fed.R.Civ.Pro 56(e). In meeting this burden, the nonmoving party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

## LEGAL ANALYSIS

The Eleventh Circuit Court of Appeals has set out the following steps to apply in reviewing "virtually all ERISA-plan benefit denials:"

> (1) Apply the *de novo* standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.
>
> (2) If the administrator's decision in fact is "*de novo* wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.
>
> (3) If the administrator's decision is "*de novo* wrong" and he *was* vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).
>
> (4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.
>
> (5) If there is no conflict, then end the inquiry and affirm the decision.
>
> (6) If there is a conflict, then apply heightened arbitrary and capricious review to the decision to affirm or deny it.

*Williams v. BellSouth Telecommunications, Inc.*, 373 F.3d 1132, 1138 (11th Cir.2004). Applying the rules set forth in *Williams*, the court must first determine whether the decision of the defendant was "wrong." Given the facts of this case, the court cannot reach such a conclusion.

Clearly stated in the policy at issue is that the LTD benefit is "60% of the first $16,667 of your Predisability Earnings, reduced by Deductible Income." Exhibit B, at 00024. It then states:

> Both the primary benefit (the benefit awarded to you) and dependents benefit are Deductible Income.
>
> Benefits your spouse or a child receives or are eligible to receive because of your disability are Deductible Income regardless of marital status, custody, or place of residence.

Defendant exhibit B, at 00014.   This was again explained to plaintiff when he was first notified his claim for LTD benefits was approved. Exhibit C, at 00365. By letter dated October 22, 2003, the plaintiff was again informed that:

> Your group policy is designed to assure that your monthly income is maintained at 60% of your insured predisability earnings. Your LTD benefit, combined with other income that you, your spouse, or your dependents are entitled to or are eligible to receive because of your disability, makes up this income level....
>
> Examples of other income to which you may be entitled or eligible to receive include, but are not limited to, Social Security....

Exhibit C at 00368-00369; 0000693-00696.

By letter dated October 11, 2005, the plaintiff was again informed:

> Enclosed please find a copy of the Wise Alloys LLC policy provision regarding Social Security Dependents Benefits. Under the Wise Alloys LLC group policy both the primary benefit and the dependent benefit is considered deductible income.

Exhibit C, at 00652. The breakdown of the asserted $20,347.26 overpayment is set forth at exhibit C, at 00658. Plaintiff's dependent was awarded benefits back to June 1, 2003.[4] Exhibit C, at 00660.

For the foregoing reasons, the court cannot conclude that the defendant's decision was "wrong." See *Williams,* 373 F.3d at 1138. The policy is quite clear that the defendant is entitled to an offset for Social Security benefits, including those paid to a dependent. The plaintiff seems to assert that because he pays child support, he should not have an offset, but this merely established that his daughter is, in fact, a "dependent." *See e.g.*, exhibit C, at 00374.

Plaintiff asserts in the administrative record that, under *Provident Life v. Crean*, 804 So.2d 236 (Ala.2001), the defendant cannot recover overpayments from plaintiff's Social Security payments. That case clearly explains that while an insurer can offset, or reduce, an insurance benefit by the amount of retroactive Social

---

[4]Although plaintiff uses this amount in his complaint for declaratory judgment, the plaintiff was informed on February 6, 2006, that the defendant had recalculated this amount, and the overpayment due to dependent benefits was actually $17,856.10. Exhibit C at 00697-00700. Due to additional credits, this amount was further reduced to $16,116.10 in June 2006. Exhibit C at 00750-754.

Security benefits, that is different from the facts before the Court in that case where the insurer sued the insured for a money judgment. *Id.*, at 239-240. This is further explained in *Revells v. Metropolitan Life Insurance Co.*, 261 F.Supp.2d 1359 (M.D.Ala.2003). There, considering plaintiff's argument that his Social Security benefits could not reduce his LTD benefits, the Court held that Social Security benefits could do just that under the contract for LTD benefits and the plaintiff was receiving the benefits for which he contracted.

## CONCLUSION

Because the court concludes that the administrator's decision is not "*de novo* wrong," the court goes no further in its analysis. The court finds, for the reasons set forth above, that no genuine issues of material fact remain and the defendant is entitled to a judgment in its favor as a matter of law.

It is therefore **ORDERED** by the court that the defendant's motion for summary judgment be and hereby is **GRANTED**.

**DONE** and **ORDERED** this the 2nd day of August, 2007.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE